IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DECONCINI FAMILY TRUST, an Arizona trust, EVO DAVID DECONCINI, NANCY ASHER DECONCINI,<br><br>Plaintiffs,<br><br>v.<br><br>HOME FEDERAL BANK; JAMES H. WOODALL; DANIEL O'CONNELL; C.R. MANAGEMENT GROUP LLC; OJD PROPERTIES, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND GRANTING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>Case No. 2:10-CV-258<br><br>District Judge Tena Campbell TC<br>Magistrate Judge David Nuffer |

District Judge Tena Campbell referred this case to the Magistrate Judge pursuant to 28 U.S.C § 636(b)(1)(A) calling for the proper resolution of non-dispositive pretrial matters.[1] Plaintiffs DeConcini Family Trust, Evo David DeConcini, and Nancy Asher DeConcini ("DeConcini") submitted a motion to compel Defendant Home Federal Bank("Home Federal") to respond to DeConcini's Interrogatories and Requests for Production of Documents.[2] Subsequently, Home Federal submitted an opposition to the motion to compel, and included a motion for protective order in the opposition memorandum.[3]

---

[1] Order of Reference, docket no. 30, filed September 8, 2010.

[2] Motion to Compel, docket no. 28, filed September 7, 2010.

[3] Motion for Protective Order and Opposition to Motion to Compel ("Motion for Protective Order"), docket no. 32, filed September 21, 2010. This sort of combined motion and memorandum is not contemplated under our Local Rules, "[E]ach motion must be *accompanied* by a memorandum . . .." DUCivR 7-1(b)(1). But this irregularity is ignored in resolving these issues.

## I. MOTION TO COMPEL

In its Motion to Compel, DeConcini alleges that Home Federal "refused to answer the interrogatories and document requests without a sufficient basis."[4] In its Responses to DeConcini's First Set of Interrogatories and Requests for Production of Documents,[5] Home Federal refused to answer DeConcini's interrogatories and declined to produce the requested documents on three grounds. First, Home Federal asserted that the information request violates of the "Information Practices Act." Second, Home Federal asserted that the request violates Article I, section 14 of the Utah Constitution and Utah case law. Finally, Home Federal cited Utah Code Ann. § 7-1-1001 in refusing to answer the interrogatories or produce the requested documents.[6]

Additionally, Home Federal asserted in its Motion for Protective Order and Opposition to Motion to Compel that the defendants, whose information DeConcini is attempting to collect, have neither been served nor entered an appearance in this case.[7] It should be noted that, according to DeConcini, Defendant Daniel O'Connell has now been located and served in this case."[8] O'Connell is also a principal of the two entity defendants, C.R. Management Group, LLC and OJD Properties, LLC.[9] The fact that O'Connell has now been served and is now a party in this matter precludes Home Federal from refusing to produce the documents related to O'Connell on the basis that O'Connell is not a participating party. Home Federal's argument

---

[4] Motion to Compel at 2.

[5] Responses to DeConcinis First Set of Interrogatories and Requests for Production of Documents ("Response"), docket no. 29-2, filed September 7, 2010.

[6] *See id.*

[7] Motion for Protective Order at 2.

[8] Reply Memorandum in Support of Motion to Compel and in Opposition to Motion for Protective Order at 2, docket no. 34, filed October 6, 2010.

[9] Motion for Protective Order at 2.

against responding to the interrogatories and refusal to produce the requested documents will now be evaluated.

First, Home Federal's reliance on the Privacy Act of 1974 (erroneously referred to as the "Information Practices Act") is unpersuasive.[10] This Act is applicable to federal agencies and not to private banking institutions. The text of the statute expressly states: No agency shall disclose any record . . . ."[11] Home Federal is not a governmental agency. Rather, this is a civil matter between private parties and the provisions of 5 U.S.C. § 552a do not apply.

Second, Home Federal's argument that the Utah Constitution precludes disclosure of the requested information is also unpersuasive. "Article I, Section 14 of the Utah Constitution protects against unreasonable searches and seizures by the government but not private individuals."[12] The current matter is between private citizens and companies and, therefore, the provisions of the Article I, Section 14 of the Utah Constitution do not apply.

Finally, Home Federal's reliance on Utah Code Ann. § 7-1-1001 is without merit. This statute is applicable to "a government entity" or "an individual acting on behalf of a governmental entity."[13] As noted above, neither party in this matter is a government actor. Therefore, the statutory provisions cited by Home Federal are not applicable to DeConcini's requests for information.

---

[10] It is unclear from Home Federal's pleadings where this act is codified. However, according to DeConcini, "subsequent communications indicate that [Home Federal] mean[t] the Privacy Act of 1974, 5 U.S.C. §552a." (Memorandum in Support of Motion to Compel at 2, docket no. 29, filed September 7, 2010.) For the purpose of this motion, the Court assumes that Home Federal is arguing that the information sought is protected by the Privacy Act of 1974.

[11] 5 U.S.C.A § 552a (b) (2007).

[12] State v. Koury, 824 P.2d 474, 477 (Utah App. 1991) (citing State v. Watts, 750 P.2d 1219, 1221 (Utah 1988)).

[13] Utah Code Ann. § 7-1-1001(2) (Supp. 2010).

The grounds that Home Federal asserts in support of its unwillingness to provide DeConcini with the requested information are inapplicable to the request. Therefore, the court hereby orders that DeConcini's Motion to Compel is **GRANTED**.

## II. MOTION FOR PROTECTIVE ORDER

Concurrent with its response to DeConcini's Motion to Compel, Home Federal moved this court to issue a protective order.[14] Home Federal suggested five different ways that all produced documentation or interrogatory responses, should the Court compel such production, should be protected.[15] The court finds that only the first suggested means of protecting the information is necessary. Home Federal requests that any disclosed information or documentation "be designated as confidential . . . to be sealed and used only by parties and counsel in this action and for the purposes of this action only."[16] The court agrees with Home Federal that the information that it must disclose should be designated as confidential. The information that Home Federal must produce may be designated as confidential and only used by the parties for the purpose of this action only. Any such documents that are filed which contain personal identifiers or personal financial information shall be filed under seal. All other protective requests by Home Federal are unnecessary.[17] Therefore, and only applying to the

---

[14] *See* Motion for Protective Order and Opposition to Motion to Compel.

[15] Reply Memorandum to Plaintiffs' Opposition to Defendants' Motion for Protective Order at 4-5, docket no. 35, filed October 20, 2010.

[16] *Id.*

[17] This includes Home Federal's additional arguments asserted in its Supplemental Memorandum in Opposition to Plaintiff's Motion to Compel, docket nos. 38 and 39, filed January 18, 2011. The court is limiting disclosure under Fed. R. Civ. P. 26(c)(1)(G) by restricting the requested information as laid out above. Additionally, Home Federal's argument that the "State Court" should not require disclosure is unpersuasive because this action is in Federal Court. *See* Supplemental Memorandum in Opposition to Plaintiff's Motion to Compel at 2.

specific provision above regarding confidentiality, the court **GRANTS IN PART** Home Federal's Motion for Protective Order.

## ORDER

In summary, **IT IS HEREBY ORDERED**:

1. DeConcini's Motion to Compel[18] is **GRANTED**.

2. DeConcini's request for reasonable expenses incurred, including attorneys fees is **DENIED**.

3. Home Federal's Motion for Protective Order and Opposition to Motion to Compel[19] is **GRANTED IN PART**.

Dated February 11, 2011.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[18] Motion to Compel, docket no. 28, filed September 7, 2010.

[19] Motion for Protective Order and Opposition to Motion to Compel, docket no. 32, filed September 21, 2010.